975 F.2d 868
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Guadalupe RAMOS, Petitioner,
v.
DEPARTMENT OF THE TREASURY, Respondent.
 No. 91-3500.
 United States Court of Appeals, Federal Circuit.
 July 10, 1992.
 
 Before MICHEL and LOURIE, Circuit Judges, and RESTANI, Judge.*
 DECISION
 PER CURIAM.
 
 
 1
 Guadalupe Ramos appeals the May 22, 1991, decision of the Merit Systems Protection Board, Docket DA075290C0523, which denied Ramos' enforcement petition to change the language of an admonishment letter to comply with a settlement agreement entered into with the Department of the Treasury (the Agency). We affirm the Board's decision.
 
 DISCUSSION
 
 2
 During Mr. Ramos' appeal to the Board from an Agency order imposing a 30-day suspension, the parties orally settled the appeal and subsequently filed a written agreement containing the settlement terms. The agreement provided that "The agency agrees to change the 30-day suspension to a 30-day period of leave without pay plus an oral admonishment reduced to writing." The agency produced a two-page admonishment letter, dated January 8, 1991, that contained four paragraphs of detailed information regarding Mr. Ramos' misconduct, which details had been previously stated in the notice of proposed removal. Mr. Ramos then filed a petition to enforce the settlement agreement, contending that the agreement did not permit the Agency to include the detailed allegations in the admonishment letter.
 
 
 3
 The administrative judge (AJ) found that: (1) the parties had agreed to an admonishment letter but did not specify the language to be used in the letter; (2) the allegations and findings in the letter were identical to those in the notice of proposed removal and the decision notice; (3) the letter did not assert that the petitioner had admitted any wrongdoing; and (4) the Agency had not used the letter as an admission. The AJ concluded that the admonishment letter's language did not violate the settlement agreement and was not unreasonable.
 
 
 4
 Our jurisdiction to review and set aside the Board's decision is limited. We must affirm the Board's decision unless we find that it is arbitrary, capricious, an abuse of discretion, otherwise not in accordance with the law, procedurally defective, or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988); see, Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).
 
 
 5
 We have carefully reviewed the record and considered all of Mr. Ramos' arguments, including his argument that the settlement agreement did not permit an admonishment letter that contained detailed allegations of his misconduct. Because the settlement agreement did not specify the contents of the letter, the Board did not abuse its discretion in deciding that the letter did not violate the settlement agreement and was not unreasonable. In addition, Mr. Ramos has failed to establish that any other condition is present that would justify overturning the Board's decision.
 
 
 
 *
 Judge Jane A. Restani of the United States Court of International Trade, sitting by designation